Pogue, Hoffheimer & Pogue, and O. S. Bryant, Cincinnati, for plaintiff in error.

Frank H. Kunkel, P. S. Phillips, and Oliver G. Bailey, Cincinnati, for defendant in error.

## PURITAN CHOCOLATE COMPANY v SAMUEL

Ohio Appeals, 1st Dist, Hamilton Co

No 4062. Decided March 7, 1932

HAMILTON, J.

The claim of the plaintiff in error is, that the two contracts in question in this action, read together, show that the intention of the parties was that the plaintiff should be paid a commission only if and when the title to the Puritan Chocolate Company's property was acceptable to Mr. Leyman's attorneys, and Mr. Leyman actually accepted and paid for the property.

That Leyman, the purchaser, was ready, willing, and able to take the property was unquestioned, and the evidence is uncontradicted that he was willing, ready, and able to take the property if marketable in the opinion of his counsel.

It is urged that under the terms of the contract Samuel was only entitled to his commission in the event that the transaction was actually closed and money paid by Leyman; that he could only have commission out of the money actually paid. This is not the law of real estate commissions. To so hold, would be to establish a rule that a party might breach its own contract of sale, and by its own breach absolve itself from liability for commission. That by refusing to perform under the contract of sale it was not liable for the commission, because it did not receive the money.

It is clearly shown by the evidence that had The Puritan Chocolate Company carried out its contract, the transaction would have been closed and it would have received the money.

In the last analysis the question turns on whether or not a reasonable time had elapsed for the examination of the title by counsel for Leyman and the approval by counsel.

It must be borne in mind the contract provided for the conveyance of a merchantable title by The Puritan Chocolate Company. If the title was not merchantable, it would be required to make it so, which the evidence disclosed it afterwards did on its sale to the Cleneay & Nourse client, by procuring a dismissal of the suit pending to cancel the lease.

But two weeks had elapsed from the time of entering into the Leyman contract until the notice was sent by counsel for the Chocolate Company, demanding immediate action within twenty-four hours. There is undisputed evidence in the record that the custom in Cincinnati was that thirty days was a reasonable time in which to examine and pass on a title, where time is not mentioned in the contract. Some objection was made to this evidence, but we are of opinion that it was pertinent and competent, the weight thereof to be given by the judge, the trier of the facts. Further, the Cleneay & Nourse contract of sale did provide thirty days time in which to examine the title, and, as above stated, the Chocolate Company did procure the dismissal of the suit to set aside the assignment of the lease, to clear the title for the new purchaser. It did nothing to clear the title for Leyman.

The claim of the plaintiff in error may be summed up as follows: That The Puritan Chocolate Company agreed to sell to Leyman only such title as it had. This is not the language of the contract. The contract specifically provides that The Puritan Chocolate Company agreed to sell to Leyman a merchantable title; Leyman's attorneys to be the judges of its merchantability.

Further, the second claim is, that although Leyman was able to take the property, he was not ready and willing to take it. This again raises the question of reasonable time in which to examine the title and act. It must be borne in mind at all times that no time was stated in the contract. All these questions, therefore, as heretofore stated, turn upon the reasonableness of the time for examination of title and action thereunder.

In many of the cases cited by counsel for the plaintiff in error, the time is definite, and it is the law that where definite time is stated in the contract, and the party is not ready and willing at the time provided, the purchaser would lose his rights under the contract.

The third proposition of the plaintiff in error is the claim that it made the closing of the transaction by Leyman precedent to Samuel's right to recovery. This proposition is covered by what has been stated, that this would mean the release from obligation under one contract by a breach of the other.

The case of Carey, Admr. v Conn, 107 Oh St, 113, is determinative of all the issues in this case in favor of Samuel's right to recover the commission, except the one proposition of whether or not Leyman's counsel took an unreasonable length of time to examine the title and report. If an unreasonable time was taken, The Chocolate Company would have the right to assume the rejection of the title by counsel and withdraw from the contract, and no liability for commission would follow. If, however, the time which elapsed between the signing of the contract and the entering into the new contract of sale with other parties, was not an unreasonable time for the purposes suggested, then and in that event The Chocolate Company breached the contract of sale. This breach would not relieve the company from its obligation for commission.

The trial court must have found that no unreasonable time had elapsed and that by the sale of the property to other parties, The Puritan Chocolate Company made it impossible to perform the contract with Leyman, and we do not find that finding to be against the weight of the evidence on that question.

This brings us to the proposition pronounced in the case of Carey, Admr. v Conn, supra, in the first paragraph of the syllabus:

"Where a real estate agent or broker makes a contract with the owner of prop-

erty "to find a buyer for his real estate at a commission of two per cent. for his services," and pursuant thereto performs such services by producing a buyer, and the owner enters into a written contract of sale with such buyer, the real estate agent or broker, in the absence of fraud, is entitled to his commission for his services."

See also: **Wigmore Co. v Chapman, 113 Oh St, 682.**

The conclusion is, that the trial court did not commit reversible error, and the judgment is affirmed.

ROSS, PJ, and CUSHING, J, concur.