## No. 133
### FERNANDEZ v. TRACTION CO.
Ohio Court of Appeals, Summit County
No. 536.   Oct. 18, 1922

NEGLIGENCE—(1) Question of negligence of person injured is question of fact for the jury—(2) Case certified to Supreme Court.

PER CURIAM:
Epitomized Opinion
Error to Summit Common Pleas

Fernandez immediately upon alighting from his automobile glanced up the street and observed that no street car was approaching. Thereupon he walked the length of his automobile and attempted to cross the street without again looking for an approaching car and he was struck by a car belonging to the Traction Co. The trial court directed a verdict for the Traction Co. on the ground that Fernandez was guilty of contributory negligence as a matter of law. The Court of Appeals in reversing the judgment Held:

1. When from the facts proved or tended to be proved there is doubt as to whether or not an injured person was negligent in the proceeding which resulted in the injury, the question is one of fact for the jury and a direction of verdict for the defendant is error.

2. On the facts the court finds that its members differ, and as the conclusion reached in the case conflicts with Cleveland Elec. Ry. Co. v. Wadsworth I. C. C. (N. S.) 483, the record is ordered certified to Supreme Court for review.

Attorneys—Sheck, Lahmer, Stevens & Hadley, for Fernandez; Mather, Nesbitt & Welker. for Traction Co.

---

## No. 134
### ROJEK v. KUSKOWSKI
Ohio Court of Appeals, Cuyahoga County
No. 4175.   Jan. 29, 1923

AGENCY—(1) Agency determined by payment of commission—(2) Agency determined by written authority to act—(3) Plea of guilty to embezzlement no evidence as to agency.

VICKERY, J.
Epitomized Opinion
Appeal from Common Pleas

By a written contract Rojek agreed to purchase certain land from Kuskowski through one Olszewski, a co-defendant. Kuskowski deeded the land to Olszewski receiving from Olszewski an instrument stating that said deed was given solely to facilitate the transfer to Rojek, that Olszewski had not paid for said land and was to pay to Kuskowski what money he should receive from Rojek. Olszewski was also to receive a commission for the sale of the property from Kuskowski. Rojek paid the amount of money specified by the contract to Olszewski who absconded. The question now arises as to whose agent Olszewski was, it being held that Olszewski's

principal should bear the loss occasioned by Olszewski's act.
Held:

1. When one person pays to another a sum of money as commission in a certain transaction the latter is presumed to be the agent of the former.

2. When one person, by a written instrument authorizes another to receive money for him or makes him his trustee, the latter is presumed to be the agent of the former.

3. When one person is indicted for embezzlement of money of another person a plea of guilty to the charge is not conclusive proof that the former was the agent of the latter.

The court directed that the Rojeks be given a deed upon their complying with the other conditions of the contract as to giving a mortgage, etc., and a decree be drawn accordingly.

Attorneys—Stephens & Stephens, for Rojek; Friebolin & Byers, for Kuskowski.

---

## No. 135
### BIRINYI v. RIDARCSIK
Cuyahoga Court of Appeals
No. 4174.   Jan. 29, 1923

ERROR—(1) Judgment of lower court will not be disturbed unless manifestly against evidence.

PER CURIAM:
Epitomized Opinion
Error to M. C. of Cleveland

Ridarcsik employed Birinyi, an attorney of record, to conduct certain litigation. Birinyi claims to have had a contract whereby he was to receive $150 for his services. Ridarcsik claims that Birinyi was to have $50. Birinyi collected $160, keeping all of it except $10, which he tendered to Ridarcsik. Ridarcsik sued to recover $110 and Birinyi filed a counter claim asking for $150. Upon judgment for Ridarcsik Birinyi prosecutes error.

1. Unless the judgment of the lower court was manifestly against the weight of the evidence it will not be disturbed, which cannot be said. Judgment affirmed.

Attorneys—D. K. Birinyi, in person; D. R. Hertz for Ridarcsik.