Kinkade, J.
 

 This is an action brought by a real estate broker to recover a commission claimed to have been earned by finding a purchaser for a 99-year leasehold estate. The property was owned by the Wigmore Company, a corporation of Cleveland, the plaintiff in error, and defendant in error, Chapman, was the broker. Chapman brought an action to recover commission, claiming that he had entered into a verbal contract with the Wigmore Company to find a buyer for the leasehold estate; that the Wigmore Company had fixed the selling price at $50,000, and had agreed to pay him a commission fixed by the real estate board of Cleveland, which amounted to $2,800; that he had found a buyer ready, willing, and able to take the property at the price and on the terms stated (there was no disagreement between the owner and the broker concerning the terms of payment); and that the Wigmore Company had thereupon refused to either convey the property to the purchaser or to pay the commission.
 

 The Wigmore Company answered in the case, admitting its corporate capacity and its ownership of the property, and denied everything else con
 
 *684
 
 tained in the plaintiff’s petition. They denied specifically that they ever made any snch contract with Chapman as that set forth in Chapman’s petition, and denied further that Chapman had found or produced a purchaser ready, willing, and able to take the property on terms satisfactory to them.
 

 After making these general and specific denials, the answer proceeded further to allege that, at the time of the talk between the parties mentioned in Chapman’s petition, the Wigmore Company had informed Chapman that the property had been for sale, and listed with other brokers, for a considerable length of time theretofore, and that in addition to this they had been for some time endeavoring to sell the property themselves, and that all these negotiations and arrangements with reference to the selling of the property were then pending, and that, if any of these negotiations resulted in a sale of the property, then and in that event the Wigmore Company would not be liable to Chapman for any commission, even though Chapman should find a buyer for the property. And they averred that Chapman agreed and consented to these conditions. By reply Chapman denied all the allegations of the answer.
 

 The jury returned a verdict in favor of Chapman for the full amount claimed, and judgment was entered on that verdict. The Wigmore Company prosecuted error to the Court of Appeals. That court affirmed the judgment of the court of common pleas, and the Wigmore Company now prosecutes error in this court.
 

 Numerous errors are assigned as manifest in
 
 *685
 
 the record, which the Wigmore Company claim, call for a reversal of the judgment. We have examined each and all of these errors, and, without setting them out and commenting on them in detail, will sa}7 that we are not able to sustain the' contention of the plaintiff in error with respect to any of them save one; that is to say, the error in the general charge relative to the burden of proof.
 

 During the trial the Wigmore Company offered evidence tending to prove the allegations of their answer, and in addition thereto they offered evidence tending to prove that at the time of authorizing Chapman to find a buyer for the property they had handed to Chapman a sale card describing the property, showing that the lease had yet 90 years to run and that the hotel on the property was under lease at $6,000 per annum to the Wig-more Company, which card also contained the following:
 

 “Price $50,000.00.
 

 “V%
 
 cash, balance in one, two, and three years.
 

 “Above price subject to prior sale or change in price without notice.”
 

 And they offered evidence to show that they notified Chapman, before he produced his purchaser, of a change in the selling price from $50,000 to $60,000, and that they had notified him that negotiations were pending looking to a sale of the property by themselves, and that, if these negotiations resulted in a sale, they would not be obligated to him for commission.
 

 Chapman offered evidence tending to contradict this evidence produced by the Wigmore Company, and testified that he had never received a sale card
 
 *686
 
 such as the Wigmore Company produced and put in evidence; that he had never been notified of any change in the selling price and it had never been said to him at any time by the Wigmore Company, prior to the finding and producing of his purchaser, that they would not consider any further proposition from him until their own pending negotiations had been completed. Chapman denied as a witness that they had ever in any manner withdrawn from him the authority to sell the property until after he had found and produced his purchaser. Chapman testified that at the time he did produce his purchaser, ready, willing, and able to take the property at the price and upon the terms that had been given to Chapman, the Wigmore Company then and there said for the first time that they were negotiating with a buyer which they were reasonably certain would take the property, and take it at a figure that would net them the selling price of $50,000, over and above the commission, and that they would decline to consider any offer coming through Chapman unless Chapman would waive all right to commission. This Chapman declined to do.
 

 It is evident that the jury found the terms of the contract to be as claimed by Chapman, and found that Chapman did produce a buyer, ready, willing, and able to take the property, at the price and upon the terms stated, before any attempt was made by the Wigmore Company to withdraw Chapman’s authority to sell the property.
 

 The trial judge in his general charge to the jury placed the burden of proof upon Chapman to sustain the contract alleged in his petition, and
 
 *687
 
 told the jury that unless Chapman sustained the allegations of his petition by a preponderance of the evidence he could not recover; that, if he did sustain the allegations of his petition by a preponderance of the evidence, then he could recover unless he was defeated by one or both of two conditions set up in the answer of the Wigmore Company. And then the court stated the condition that was set up in the answer of the Wigmore Company with reference to the right of the Wig-more Company, or their other brokers, to sell the property at any time without notice, and stated the further condition that, so long as the Wigmore Company had any negotiations pending for a. sale, they might decline to consider any offer coming through Chapman. The court said that the burden of sustaining these features of the contract, as the defendant claimed them to be, rested upon the Wigmore Company; that if they sustained' either of the conditions, or both of the conditions, it would defeat the claim of Chapman. The court informed the jury that the obligation rested on the Wigmore Company to sustain one or both of these conditions by a preponderance of the evidence.
 

 This charge of the court is directly contrary to the holding of this court in the case of
 
 List & Son Co.
 
 v. Chase, 80 Ohio St., 42, 88 N. E., 120, 17 Ann. Cas., 61, where the court said:
 

 “
 
 (1) Where a plaintiff sets forth in his petition a contract with the defendant, and avers that he has performed all of the conditions on his part, and the defendant for answer denies the allegations of the petition and alleges a contract differing in material conditions from that alleged by the plain
 
 *688
 
 tiff, the burden remains with the plaintiff to prove the contract and his performance as alleged in his petition; and it is error for the court to charge the jury that as to the claim made in the defendant’s answer the burden is on the defendant, and that the contract as alleged in the answer and denied in the reply must be made out by a preponderance of the evidence.”
 

 The above cited case was followed by this court in
 
 Newman Mfg. Co.
 
 v.
 
 Fisler,
 
 81 Ohio St., 499, 91 N. E., 1135;
 
 Dykeman
 
 v.
 
 Johnson,
 
 83 Ohio St., 126, 134, 93 N. E., 626;
 
 Montanari
 
 v.
 
 Haworth,
 
 108 Ohio St., 8, 12, 140 N. E., 319.
 

 We think this part of the general charge to the jury was clearly erroneous and prejudicial to the plaintiff in error, and on account of this error the judgment must be reversed, and the cause remanded for further proceedings according to law.
 

 Judgment reversed, and cause remanded.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Robinson, JJ., concur.