### No. 316

DICKSON v. UNION CENTRAL LIFE INS. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2956. Decided March 7, 1927

**997. REAL ESTATE**—Where authority to an agent, to sell real estate, rests upon written options, the last of which expires on a certain date without the sale having been consummated, the sale of the property by another without services having been rendered subsequently thereto by the first agent, does not entitle him to recover on the basis of quantum meruit.

First Publication of this Opinion

BUCHWALTER, J.

David Dickson brought this action against the Union Central Life Insurance Co. in the Hamilton Common Pleas for money claimed to be due him for the sale of certain real estate owned by the Company in Cincinnati, Ohio. A motion for a directed verdict in favor of the Company was granted at the close of Dickson's evidence. After error proceedings were instituted plaintiff died and the action was revived by the administrator de bonis non.

The claim was based on a contract with the president of the Company, and plaintiff was given authority to sell the parcel of real estate at a certain price, the proposition to hold good from July 7th to July 14, 1920. No sale was made and the president agreed to pay a commission if the sale was consummated on July 23, 1920. There being no sale, plaintiff was authorized to accept an offer, which was to expire on Sept. 10, 1920. No sale was consummated, however, and on Oct. 19, 1920, one Wm. Reehl secured an option from the Com-

pany and the deal was concluded, the land being deeded to the same party with whom Dickson had been dickering.

The Court of Appeals held:

1. Plaintiff had no exclusive authority to make the sale except as shown by the letters written to him by the president of the Company.

2. Plaintiff has not shown any definite contract except written authority given by the president of the Company, and he did not find and present a purchaser ready, willing, and able to take the property upon the terms agreeable to the Company.

3. Moreover, this action is in quantum meruit, for services rendered. Such services, as shown by the record, were rendered under written options, the last of which expired Sept. 10, 1920; and there is no evidence of additional services by plaintiff which tended to bring about the sale subsequent to the expiration of his written authority.

4. Dickson was not entitled to any recovery on quantum meruit for services rendered in the sale of the property in question. Stowe v. Rengenstein, 14 OA. R. 165; Wigmore Co. v. Chapman, 113 OS. 682.

Judgment affirmed.

(Hamilton, PJ., and Cushing, J., concur.)

Attorneys—Cramer & Gordon for Dickson; Maxwell & Ramsey and Gregor B. Moorman for Company; all of Cincinnati.