**SCUDDER, Appellant, v. WALLACE, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6710—Decided November 25, 1946.

B. Wm. Heidkamp, Cincinnati, for Appellant.
Irwin I. Aronoff, Cincinnati, for Appellee.

## OPINION

By MATTHEWS, J.

This is an appeal from a judgment for the defendant in an action to recover an agreed commission for services as a selling agent.

In the plaintiff's amended bill of particulars, he alleged that the defendant entered into a contract with him whereby he was given the exclusive agency for six months to sell a certain store and business at 2032 Western Avenue, Cincinnati, Ohio, and that she agreed that should he negotiate a sale during that period she would pay him a commission of ten per centum of the selling price. The plaintiff alleged that he procured a purchaser and that the defendant entered into an agreement with said purchaser to sell the store and business for $3800.00, but that the defendant refused to pay the agreed commission of $380.00.

The answer contained a general denial and by way of explanation, that the plaintiff had agreed to reduce the commission to $300.00 to induce defendant to reduce the selling price from $4,000.00 to $3,800.00, and that the defendant was not to be liable for the commission unless the purchaser consummated the transaction by payment of the entire purchase price according to the terms of the contract, and that the purchaser had refused to perform.

The case went to trial upon these pleadings. The plaintiff introduced the writtten contract of agency and while some of its printed provisions are irrelevant, resulting from the use of a form more appropriate where the subject-matter is real estate, it is perfectly clear that the plaintiff was employed by the defendant as her sole agent for six months from November 7th, 1945, and authorized to sell the store for not less than $3500.00 net to the defendant and subject to that agreed to pay the commission established by The Cincinnati

Real Estate Board, which was ten per cent of the selling price.

Acting under this authority, the plaintiff obtained a written offer of $3800.00 for the store and business. This offer was presented to the defendant and she signed the written acceptance printed at the bottom of the offer, which also included an agreement to pay the plaintiff the commission for his services.

The evidence conclusively shows that the purchaser was able to pay the purchase price and was ready and willing, except that there was some slight delay in raising money by mortgage upon real estate owned by her due to the usual time required to examine the title, and, as a result, the thirty day period provided in the contract for consummating the sale expired whereupon the defendant at once notified the purchaser that she would not complete the sale. Had the defendant not given this notice to the purchaser and the bank from which she was arranging to borrow the required amount of money, the purchaser would have been ready in a few days to pay the entire purchase price.

Notwithstanding the defendant's refusal to complete the sale, she still regarded the purchaser as bound and seventeen days later, through her attorney, threatened to sue the purchaser unless she paid damages for breach of the contract. It also appeared from the defendant's own testimony that within the six months period during which the plaintiff had the exclusive selling agency the defendant sold her store and business.

There was same oral testimony proffered and some admitted in evidence that tended somewhat to prove that the commission was not to be paid unless and until the selling price was actually paid. This evidence was clearly incompetent, as tending to contradict the terms of the written contract, but as will be pointed out later, even if competent, it would not have affected the rights of the parties.

Upon this evidence, we are of the opinion that the plaintiff was entitled to judgment for $300.00, for the following reasons:

(1) When the plaintiff submitted a written offer and the defendant accepted it, the right to the commission accrued. The contract only required him "to procure a purchaser."

In **Carey v. Conn, 107 Oh St, 113,** the Supreme Court held, as stated in the first paragraph of the syllabus that:

"Where a real estate agent or broker makes a contract

with the owner of property 'to find a buyer for his real estate at a commission of two per cent. for his services,' and pursuant thereto performs such services by producing the buyer, and the owner enters into a written contract of sale with such buyer, the real estate agent or broker, in the absence of fraud, is entitled to his commission for his services."

At page 116 of the opinion the Court said:

"The financial responsibility of the prospective purchaser was open to question by Carey until the contract of sale was agreed upon and completed. After the contract was duly executed by the parties, such contract constituted a waiver so far as Conn was concerned in regard to the purchaser being ready, willing, and able to purchase the property. Whatever infirmities may have arisen out of the contract and conduct of the parties thereafter did not and could not in any wise prejudice the rights of Conn to recover upon his contract to find such purchaser and make such sale."

(2) The fact that the contract between the seller and buyer fails for any reason, not relating to the binding quality of the contract, when entered into, is no defense to the action of the agent for his commission. A judgment in an action on the contract by the seller against the buyer in favor of the buyer would be no bar to an action by the agent for his commission. Second paragraph of syllabus of **Carey v. Conn, 107 Oh St, 113.**

(3) In this case it was the defendant who repudiated the contract. Although she threatened to sue for damages she did not do so. Because of the fact that the subject-matter of this contract was a business including a lease for five years of the real estate where it was conducted, she without doubt could have enforced specific performance against a resisting purchaser—which the purchaser was not in this case—just the contrary. Instead of resorting to one or the other of these remedies or of cooperating with the buyer in consummating the transaction, she chose to treat the delay of a few days as justification for refusal to proceed. The delay did not justify this attitude even against the buyer and certainly not against the agent. Time was not the essence of this contract as to either the seller or buyer. 12 Am. Jur., 863.

(4) The plaintiff's contract gave him the exclusive right to sell this store and business for six months. Even assuming that the buyer's contract required her to pay the entire purchase price within thirty days and that failure to do so would prevent her from enforcing the contract still the plaintiff had produced her as a purchaser and notwithstanding her failure to pay within the thirty days specified in the contract, she was ready, willing, and able to perform long before the expiration of the plaintiff's agency contract and was prevented by the defendant's refusal.

(5) Furthermore, the defendant sold this property within the period of the plaintiff's sole agency, which prevented him from selling to the purchaser whom he had already obtained. That fact violated the plaintiff's rights and is an additional reason for recovery in this case.

For these reasons, the judgment is reversed and the cause remanded to the Municipal Court of Cincinnati, with instructions to render final judgment for the plaintiff for $300.00 and costs.

HILDEBRANT, PJ, MATTHEWS and ROSS, JJ, concur in syllabus, opinion and judgment.