**DEPENDABILT HOMES, INC., Plaintiff-Appellant, v HAETTEL, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4028.   Decided October 20, 1947.

Benjamin Levinson, Columbus, for plaintiff-appellant.
Guy V. Fridley, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

The appeal on questions of law is from a judgment of the Common Pleas Court on a verdict of the jury for the defendant.

Four errors are assigned:

(1) The overruling of plaintiff's motion for directed verdict at the close of its evidence in chief and at the close of all the testimony;

(2) In the admission of testimony offered on behalf of defendant;

(3) In the general charge to the jury;

(4) The verdict is manifestly against the weight of the evidence.

All four of these assignments are so closely related that they may be considered generally.

The action was upon a written contract wherein the plaintiff proposed to purchase certain property, therein described, in the City of Columbus, owned jointly by the defendant and a brother. The price offered was $2550.00. There are other provisions in the contract which are not necessary to an appreciation of the questions presented. At the bottom of the contract there is printed an acceptance form, which is, in part,

"I hereby accept and agree to the above proposition. * * *"

This acceptance was signed by Mary M. Haettel only.

Upon defendant's failure to make deed to the plaintiff after request on her so to do, it instituted its action for damages in the sum of $950.00, being the claimed difference in value between the purchase price in the contract and the value of the property as of the date when plaintiff demanded deed.

The answer of the defendant admitted the signing of the acceptance to the purchase proposal but says that it "was upon the condition and understanding with the agent of the plaintiff that her brother, Joseph A. Haettel, was the owner of an undivided one-half interest in the property, that this acceptance would be binding only if and when her said brother agreed to and accepted the same, and that the brother refused to accept the offer of the plaintiff, and therefore the contract of purchase and sale was not completed".

The Court admitted evidence of the defendant as to what she told the real estate agent at the time when she signed the acceptance as to the ownership of the property, and that, prior to the date of the signing of the contract the real estate broker knew that she only owned one-half of the property and that her brother owner the other half, and stated why he knew, and further, that when she signed the acceptance she told him that her contract was conditional upon the further acceptance by her brother.

Plaintiff objected to this testimony on two grounds: (1) that it varied the terms of the written contract, and (2) that it could not be binding upon the plaintiff because the real estate broker was not its agent.

The first question, then, is whether or not the subject matter of this testimony was at variance with or in contradiction of the express terms of the written contract.

Counsel for plaintiff cites **Frankel Chevrolet Company v Snyder, 37 Oh Ap 378.** The first syllabus thereof is:

"Parol evidence may be given to prove separate oral agreement constituting condition precedent to attaching of obligation under contract."

But it is asserted that the proof here establishes a condition subsequent.

The effect of the testimony of the defendant is that the acceptance of the purchase proposal was not to be binding upon her unless and until her brother also accepted. We have no doubt that this was a condition precedent, which is variously defined as "a fact which must exist or occur before a duty of immediate performance of a promise arises." Rosenblum v Sun Life Assurance Company of Canada (Wyo.) 65 P. 2d. 399, 401; 109 A. L. R. 911; Bowers v Bowers, (Tex.) 99 S. W. 2d. 334, 337.

"An estate on condition precedent is one where no right vests at all until the condition be performed." Mitchell v Mitchell, (Ind.) 42 N. E. 465, 467.

The second question is, did the proof raise an issue of fact whether or not the broker was the agent of the plaintiff at the time the defendant signed the acceptance. If it does, then the issue was properly presented to the jury and if the broker was its agent, any statements made by the defendant to the broker would be binding upon his principal and would be admissible.

Upon the factual development in this record this presents a very nice question. There appears evidence from which the jury could find that at the time of the signing of the acceptance the broker acted as agent for both parties. This issue was not presented and no error could be predicated upon it because it would not materially change the situation, if established. The jury was not required to answer such a question but did answer negatively this question: "Was the Central Realty Company and Mr. Bernhardt the agent of the defendant, Mary M. Haettel?" Even though this interrogatory was improperly answered and the evidence would support the conclusion that the broker was the agent of the defendant, it would not destroy the import of the general verdict that the broker was the agent of the plaintiff.

Without quoting at length from the record, it appears that the defendant had placed the property in question with the broker for sale in September, 1945, and the proposal in question not having been made until February, 1946, it is manifest that, if this was the only contract, there would be no subsist-

ing agreement between the broker and the defendant. However, after stating the lapse of time, the defendant says that she again sent for the broker and after conversation he said he would try to find a purchaser. Later, on cross-examination, she was asked:

"Q. The Central Realty Company was your agent, was it, at the time he procured a purchaser for you?

A. Yes, he brought the contract."

If she had not added the words, "he brought the contract", we would have an express acknowledgment that the broker was the defendant's agent when the acceptance was signed. But the whole answer permits of inference that she concluded that the broker was her agent because he brought the contract.

By the principle announced in **Pope v Mudge, 108 Oh St 192,** even upon her answer and her other testimony, under all the other circumstances appearing, we are satisfied that there was support for the averment of the answer that the broker was the agent of the plaintiff and for the general verdict of the jury. Some of the circumstances indicating that the broker was the agent of the plaintiff are: the fact that the representative of the purchaser came with the broker to the home of the defendant at the time when the purchase proposal was made to her; that the representative of the plaintiff was active in the transaction and made the proposal in writing to the defendant through the broker; the fact that he changed the proposal, as to the amount of the purchase price, in writing, and particularly, the notation at the bottom of the acceptance over the signature of the defendant that she was to pay no commission, permitting the conclusion that the commission was to be paid by the plaintiff, evidence from which inference could be drawn that the broker was its agent. **Rojak v Kuskowski, 1 Abs. 184.**

Objection is urged to the questioning of the defendant by the Court. If at any time in the trial of the cause a Judge is prompted, in the interest of justice, to develop facts germane and pertinent to an issue of fact to be determined by the jury, it is proper that he do so.

Upon careful consideration of the whole record, we find no error prejudicial to the cause of the plaintiff in any of those assigned.

The judgment will be affirmed.

WISEMAN, P. J., MILLER, J., concur.