LOHR, APPELLANT, *v.* FORD, APPELLEE.

(No. 4727—Decided September 25, 1952.)

*Messrs. Hamilton & Kramer,* for appellant.
*Mr. Robert R. Shaw,* for appellee.

WISEMAN, J.  This is an appeal on questions of law from a judgment of the Municipal Court of Columbus.

Plaintiff, a real estate broker, sued to recover his commission for procuring a purchaser for the residence owned by defendant.  The trial court rendered judgment for defendant on the theory that the plaintiff had not procured a purchaser who was ready, willing and able to buy.

In his petition, plaintiff alleged that he was employed by the defendant to find a purchaser for $15,750; that he found a purchaser at the stipulated price; and that the defendant and the purchaser entered into a written contract of sale, after which the defendant refused to consummate the sale.  The defendant, answering, admitted that he and the purchaser entered into a purchase contract based on the terms set forth, but denied that the plaintiff procured a purchaser who was ready, willing and able to buy the property.

The essential facts are not in dispute.  The evidence shows that the defendant verbally engaged the broker to find a purchaser at a price of $15,750.  The defendant was to receive $15,000 net for the property.  The commission was fixed at $750.  The plaintiff found

Mr. and Mrs. Burton, the purchasers, who agreed to purchase the property at the stipulated price. The plaintiff, the defendant and the Burtons met on July 18, 1950, and then the defendant and the Burtons entered into a written contract of purchase. The contract provided that the sale should be consummated within 15 days, or as soon thereafter as possible. The Burtons experienced some difficulty in securing a loan, which delayed the consummation of the sale. On August 8, 1950, the defendant sent a letter to the Burtons stating that the contract would be void as of August 10, 1950. About August 16, 1950, the purchasers notified the defendant that they had secured a loan and stated that they would close the deal at noon on August 17, 1950, at the office of the loan company. The purchasers appeared at the appointed time and place and were ready to consummate the sale. The defendant did not appear, but his counsel did and stated that the defendant would not consummate the sale.

Under this state of facts, was the plaintiff entitled to judgment? We think so. The question as to whether the Burtons were ready, willing and able to buy, which was attempted to be made an issue by the pleadings, was not a proper issue and did not require a determination. When the defendant, the seller, and the Burtons, the purchasers, entered into an enforceable written contract of sale, the plaintiff had earned his commission, and the fact that the transaction failed of consummation for some reason, unrelated to the binding quality of the contract, is no defense to an action by the broker to recover commission. *Carey, Admr.,* v. *Conn,* 107 Ohio St., 113, 140 N. E., 643; *Scudder* v. *Wallace,* 79 Ohio App., 48, 71 N. E. (2d), 308. In *Carey, Admr.,* v. *Conn, supra,* the court, on page 116, said:

"The evidence offered in open court showed a contract of sale between J. B. Carey and A. C. Stutsman, trustee. That contract of sale made immaterial the complaint made by the plaintiff in error. The financial responsibility of the prospective purchaser was open to question by Carey until the contract of sale was agreed upon and completed. After the contract was duly executed by the parties, such contract constituted a waiver so far as Conn was concerned in regard to the purchaser being ready, willing, and able to purchase the property. Whatever infirmities may have arisen out of the contract and conduct of the parties thereafter did not and could not in any wise prejudice the rights of Conn to recover upon his contract to find such purchaser and make such sale."

In *Scudder* v. *Wallace, supra,* the second paragraph of the syllabus is as follows:

"Where a seller enters into a written contract with the purchaser procured by the agent, the seller cannot thereafter defend against payment of the agent's commission on the ground that the buyer was not ready, willing and able."

The court, on page 51, said:

"The fact that the contract between the seller and buyer fails for any reason, not relating to the binding quality of the contract, when entered into, is no defense to the action of the agent for his commission."

Even though the court should construe the evidence as proof that the plaintiff was engaged to sell the property, the fact that an enforceable contract of sale was entered into between the defendant and the purchaser, would give rise to plaintiff's right to recover his commission. *Pfanz* v. *Humburg*, 82 Ohio St., 1, 91 N. E., 863, 29 L. R. A. (N. S.), 533. The court on page 11 quotes with approval the case of *Wilson* v. *Mason,* 158 Ill., 304, 311, 42 N. E., 134, 49 Am. St. Rep., 162, as follows:

" 'The true rule is that a broker is entitled to his commission, if the purchaser presented by him and the vendor, his employer, enter into a valid, binding and enforceable contract. * * * An agreement by a real estate broker to procure a purchaser, not only implies that the purchaser shall be one able to comply, but that the seller and purchaser must be bound to each other in a valid contract. So, where the agreement of the real estate broker is to make a sale, his commission is earned when a contract is entered into, which is mutually obligatory upon the vendor and vendee, even though the vendee afterwards refuses to execute his part of the contract of sale or purchase.' "

The essential allegations were supported by undisputed evidence. In rendering judgment for the defendant, the trial court committed prejudicial error. Coming now to render the judgment which the trial court should have rendered, this court renders judgment for the plaintiff in the sum of $750 with interest at six per cent from July 18, 1950, and costs.

*Judgment accordingly.*

HORNBECK, P. J., and MILLER, J., concur.