**LOWER, Plaintiff-Appellee, v. EHRHART et, Defendants-Appellants.**

Ohio Appeals, Second District, Greene County.

No. 546. Decided October 30, 1954.

488

Schlafman & Elliott, Fairborn, for defendants-appellants.
Peterson & Neatherton, Xenia, for plaintiff-appellee.

## OPINION

**By THE COURT:**

The appeal is from a money judgment for the plaintiff for the sum of $775.00 with interest and costs and for foreclosure of a Mechanic's Lien. The cause was submitted to a judge without a jury. The action was predicated on an oral contract wherein it is claimed that plaintiff agreed to drill a well for defendants for $3.00 per foot. It is alleged that the well was drilled to a distance of 268 feet, but that plaintiff is only claiming a judgment of $3.00 per foot, for 250 feet, with interest.

The defendant answering admits they entered into a contract with plaintiff to drill a well upon their land, upon the express guarantee by plaintiff that he could and would locate water and that the payment of $3.00 per foot was expressly conditioned upon the guarantee. That the contract further provided that plaintiff would drill only to a depth of 100 feet and that if water had not been located at this depth, he would cease operations; that in violation of his contract he continued to drill to a depth over 268 feet without locating water. There is a denial of any indebtedness to the plaintiff and singular the other allegations contained in the amended petition. The parties went to trial on the amended petition and answer.

There is no transcript of testimony but the judgment entry of the court makes findings of fact and conclusions of law from which we can determine the essential facts necessary to consider the error assigned, namely, that the court erred in holding that the burden was upon the defendants

"to prove the terms of the contract as they claimed them to be by a preponderance of the evidence and thereby granting judgment in this cause to Edward H. Lower, for the reason that said defendants had failed to prove their defense by a preponderance of the evidence."

The appeal is noted as on questions of law and fact but as the action proceeded primarily on the issue of money due plaintiff, the appeal should proceed as on questions of law and as the assignment of error relates entirely to a question of law, its determination in this court would be the same on either type of appeal. We consider and determine the appeal as upon questions of law only.

The material part of the judgment entry recites:

"The court further finds that the defendant having claimed that the agreement was that the well was only to be dug to a depth of one hundred feet and that it was to produce water or else he was not to pay anything, the burden of proof would be upon the defendant to show those facts; that the defendant testified to the facts as he claimed them; the plaintiff denied them and there was no other evidence; that it was one man's word against the other; that, therefore in the opinion of the

court, the defendant has failed to prove his defense by a preponderance of the evidence and that the plaintiff should prevail."

There is no finding that the plaintiff had established his claim as set up in the petition and it reasonably appears that the court found against the defendant because he had not maintained his theory of the contract. The court erred in its interpretation as to the burden of proof.

The burden was at all times upon the plaintiff to prove the contract as alleged by him and, notwithstanding the defense asserted, the burden did not shift. The cases cited by appellant support this proposition. **J. A. Wigmore Company v. Chapman, 113 Oh St 682, 150 N. E. 752; List and Sons Company v. Chase, 80 Oh St 42, 88 N. E. 120;** Findlay Brothers Company v. Eiser, 17 O. C. C. N. S., 406, 42, O. C. C., 206; **Montanari v. Haworth, 108 Oh St 8.**

The judgment will be reversed and cause remanded for a new trial.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.