BIGGS ET AL., APPELLANT, *v.* BERNARD, EXR., APPELLEE.

(No. 4791—Decided November 8, 1954.)

*Mr. Wm. B. Devlin,* for appellants.

*Mr. Charles J. Smith,* for appellee.

DEEDS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas entered by that court following the granting of a motion on behalf of defendant, appellee herein, for a judgment on the pleadings.

The parties will be referred to herein as plaintiffs and defendant, respectively, as they appeared in the Court of Common Pleas.

In substance, the pertinent allegations of the petition were that as partners plaintiffs were duly licensed as real estate brokers; that at the instance of the defendant, plaintiffs secured from certain named persons an offer to purchase, at a price stipulated, certain real estate owned by the defendant; and that such offer and the acceptance by the defendant on or about August 10, 1950, were evidenced by a written agreement, being marked "Exhibit A," attached to and made a part of the petition.

It is alleged further in the petition that following the written acceptance of the offer by the defendant on or about August 10, 1950, the prospective purchasers made a deposit of $500 with the plaintiff pursuant to the terms of the agreement, and further agreed to pay the balance of the purchase price in the amount of $31,000 upon the performance of the conditions assumed by the defendant. The petition alleged further that upon the acceptance by the defendant of the offer, the defendant agreed in writing to pay plaintiffs for their services the Toledo Real Estate Board rate of commission, and that such payment of commission was to be made "on date of closing."

The petition states further that on or about November 8, 1950, the purchasers were ready, willing and able to pay to defendant the selling price agreed upon and that thereupon the defendant failed, neglected and refused to perform the obligations and comply with the conditions assumed and agreed to be performed by the defendant in connection with the contract of sale.

Plaintiffs concluded the petition by alleging that

they had performed all things on their part to be performed in securing a purchaser of the premises for the defendant and that there was due and owing the plaintiffs from the defendant the sum of $1,575, for which sum, with interest, plaintiffs prayed judgment against the defendant.

We quote here as being particularly significant and pertinent in a consideration of the issues involved on this appeal, two provisions of the "purchase contract" attached to and made a part of the petition, as follows:

"This sale to be consummated as soon as purchasers complete the sale of their property at 749 So. Westwood Avenue.

"Accepted and conveyance agreed to be made and Toledo Real Estate Board rate of Commission paid to Biggs & McCarthy.

(Signed)    E. L. Bernard, Seller."

It appears further from the record before us that on April 2, 1953, plaintiffs filed a supplemental petition in which it is alleged that since the filing of the petition on November 14, 1951, the defendant Ebbert Louis Bernard died at Toledo, Ohio, and that an order was made reviving the action as against Errol Hugh Bernard, the duly appointed, qualified and acting executor of the estate of the decedent, and that the claim which was being made by plaintiffs had been presented to, and was rejected by, the defendant executor.

An amended answer of the defendant, filed March 10, 1954, admitted that plaintiffs were duly licensed real estate brokers; that plaintiffs had secured the offer to purchase the premises described in the petition; and that defendant accepted the offer and agreed to convey the premises for the price and *according to the terms of said agreement*; but specifically denied that the purported agreement was a valid, binding and enforcible agreement.

Answering further, defendant averred that there was no contract in writing between defendant and the plaintiffs engaging plaintiffs to represent the defendant in the sale of the premises; that during the first week of August 1950, the plaintiffs brought the prospective purchasers to inspect the premises; and that the only agreement between plaintiffs and defendant was an oral agreement that if the sale was made and consummated defendant would pay plaintiffs the regular real estate board commission of five per cent of the sale price after the sale was closed and the purchase money received by the defendant.

The defendant alleged further, in the amended answer, that he was ready, willing and able to close the sale but that the prospective purchasers purchased another property as a residence and failed to conclude the purchase and carry out the terms of the contract to purchase referred to as exhibit A.

It appears also from the record before us that a reply was filed by the plaintiffs on January 22, 1954, as a reply to the answer of the defendant which had been filed on January 11, 1952, in which reply the plaintiffs denied "each and every statement and allegation in defendant's answer contained which is not an admission of the facts and allegations stated in plaintiffs' petition herein," although the amended answer of the defendant was not filed until March 10, 1954. On the record before us, this court considers the reply as being filed to the amended answer of the defendant, notwithstanding it appears from the record to have been filed prior to the filing of the amended answer as a reply to the answer of the defendant.

*Wuest* v. *City of Cincinnati*, 13 N. P. (N. S.), 249, 24 O. D. (N. P.), 522; *Scott* v. *Hudson*, 4 Dec. Rep., 392, 2 Clev. L. Rep., 97; *Lovell* v. *Wentworth*, 39 Ohio St., 614; *Franc* v. *Nirdlinger*, 41 Ohio St., 298; *Shoe-*

*maker* v. *Standard Oil Co.*, 135 Ohio St., 262, 20 N. E. (2d), 520.

It is significant in considering the judgment now before the court that a judgment rendered on the pleadings is a judgment on the merits and, when sustained, results in a final judgment. *Rhoades* v. *McDowell, Recr.*, 24 Ohio App., 94, 156 N. E., 526; *Mayfield* v. *Kovac*, 41 Ohio App., 310, 181 N. E., 28; 31 Ohio Jurisprudence, 884, Pleading, Section 292.

It follows from the foregoing proposition that if the pleadings and all reasonable inferences deducible therefrom present an issue of fact, the judgment can not stand and must be reversed in order that such issues of fact may be determined upon a trial of the cause as required by law. *Cleveland Concession Co.* v. *City of Cleveland*, 84 Ohio App., 193, 83 N. E. (2d), 818; *Balduf, Exr.*, v. *Evans*, 95 Ohio App., 292, 297, 118 N. E. (2d), 848; 31 Ohio Jurisprudence, 876, Pleading, Sections 286, 287, 289, 290.

In the case now before the court, it is contended in part by counsel on behalf of the defendant that the plaintiffs are not entitled to recover from the defendant as a matter of law, for the reason that the contract of purchase, marked exhibit A attached to and made a part of the petition, is not an enforcible contract and that, therefore, plaintiffs, as brokers, are not entitled to the payment of a commission.

It becomes necessary, therefore, to consider the contractual relationship, if any, existing between the plaintiffs as brokers and the defendant, as well as the contract of purchase marked exhibit A, together with the allegations of the pleadings which are pertinent and proper, for the purpose of determining whether there are issues of fact presented which require evidence before a final decision can be had on the merits of the case.

The plaintiffs allege in the petition that the purchasers were procured "at the instance" of the defendant. Bouvier's Law Dictionary defines the term "instance" as meaning "urging" or "solicitation." "Instance" is defined in Webster's New International Dictionary as meaning "urgent or earnest solicitation."

As already stated, in referring to the allegations of the petition, the provision contained in the "purchase contract" which defendant admits the written acceptance of relating to the obligation to pay a commission, is as follows:

"Accepted and conveyance agreed to be made and Toledo Real Estate Board rate of commission paid to Biggs & McCarthy."

Also, a consideration or test of the pleadings as against a motion for judgment makes highly pertinent the allegation contained in the petition, as follows: "payment of said commission to be made on date of closing."

It is clear, therefore, that plaintiffs were employed by the defendant and were obligated by the terms of such employment to procure a purchaser who was ready, willing and able to purchase the property of the defendant, for which services the plaintiffs would be entitled to a commission in accord with the Toledo Real Estate Board rate of commission.

The law of the state did not require the agency contract whereby the plaintiffs were employed to be in writing. 8 Ohio Jurisprudence (2d), 87, Brokers, Section 14; Section 8621, General Code, as amended 1931, 114 Ohio Laws, 110, now Section 1335.05, Revised Code.

Further, it is not disputed that the "purchase contract" marked exhibit A, written acceptance of which is admitted by the defendant, contained all the essen-

tial requirements of a legally enforcible contract for the sale of real estate, but it is contended forcibly that the contract was rendered wholly unenforcible by reason of the provision or condition contained therein as follows: "This sale to be consummated as soon as purchasers complete the sale of their property at 749 So. Westwood Avenue."

It is the view of this court that the condition above quoted did not nullify or render the "purchase contract" void as contended by counsel for the defendant, but that in view of the admitted acceptance of such condition in the contract by the defendant the enforcibility of the contract was only delayed until the condition precedent had taken place or had been accomplished.

It is the view of this court that the contract, although conditional, was in conformity with, and not violative of, the established principles of law applicable to and controlling the formation of contracts of a conditional character. 1 Restatement of the Law of Contracts, 359, Section 250; (Also, see pocket supplement in Restatement, containing Ohio annotations, Chap. 10, Section 250); *Good* v. *Robinson*, 85 Ohio App., 91, 88 N. E. (2d), 200; *Dependabilt Homes, Inc.,* v. *Haettel,* 81 Ohio App., 422, 76 N. E. (2d), 616; *Negley* v. *Jeffers,* 28 Ohio St., 90; *Mumaw* v. *Western & Southern Life Ins. Co.,* 97 Ohio St., 1, 119 N. E., 132; 9 Ohio Jurisprudence, 464, Contracts, Sections 229, 230, 233.

It is contended further by the defendant to the effect that the "purchase contract" was not subject to be enforced specifically, and that, therefore, plaintiffs were not entitled to payment of a commission. This contention is not in accord with the law as announced by the courts of this state. *Durrell* v. *Reynolds,* 24 C. C. (N. S.), 361, 27 C. D., 117; *Lowis* v. *Spitznaugle,* 23

Ohio App., 279, 155 N. E., 158; *Barber* v. *Heade,* 10 C. C. (N. S.), 342, 20 C. D., 127; *Lohr* v. *Ford,* 94 Ohio App., 17, 114 N. E. (2d), 300; *Carey* v. *Conn,* 107 Ohio St., 113, 140 N. E., 643.

Although the "purchase contract" was dated August 5, 1950, according to the allegations of the petition the prospective purchasers were not ready, willing and able to consummate the sale until November 8, 1950, and it is contended by the defendant, with support in reason, that it would be wholly unfair to expect that the defendant should be required, after the lapse of such an unreasonable length of time, to recognize the existence of the employment and the obligations of the conditional purchase contract, and that the defendant be required to pay plaintiffs a commission for the services rendered in the transaction.

The pertinent allegations of the petition relating to the completion of the services required to be performed by the plaintiffs are as follows:

"Plaintiffs say that thereafter, on or about November 8, 1950, the said Roy T. Bauman and Evelyn M. Bauman were ready, able and willing to pay to defendant the agreed selling price aforesaid; that defendant thereupon failed, neglected and refused to perform the obligations and comply with the conditions assumed and agreed to be performed by him in connection with the said contract of sale.

"Plaintiffs say that they have performed all things on their part to be performed in securing a purchaser of said described premises for said defendant; that there became due and owing to plaintiffs by defendant on December 1, 1950, the sum of $1,575, no part of which has been paid to plaintiffs by said defendant."

It is not alleged or contended by the defendant that any notice was ever given to the plaintiffs that the employment had been terminated or that defendant

had sold the property to any other purchaser or that for any reason the defendant did not intend and expect to recognize and consummate the "purchase contract" whenever the purchasers became ready, willing and able to consummate it.

It is the view of this court that the law applicable to the situation of the parties at that stage in their dealings has been announced clearly by the Supreme Court of the state in the case of *J. A. Wigmore Co.* v. *Chapman,* 113 Ohio St., 682, 150 N. E., 752. The first paragraph of the syllabus of the decision in *J. A. Wigmore Co.* v. *Chapman, supra,* is as follows:

"When the owner of real estate lists the same with a broker to find a purchaser for the property at a stated selling price, and agrees to pay the broker a commission for finding a purchaser, if within a reasonable time, where no time is fixed by the parties, the broker finds and presents a purchaser ready, willing, and able to take the property at the price and upon the terms stipulated before he is notified by the owner of any change in the selling price, or of any sale of the property by the owner or by another broker, and before the owner has withdrawn the authority of the broker to sell, the presenting to the owner of such a purchaser by the broker will complete his part of the contract and entitle him to recover his commission."

See, also, *Dependabilt Co.* v. *Haettel, supra;* *Richter* v. *First National Bank,* 82 Ohio App., 421, 80 N. E. (2d), 243; *Suter* v. *Farmers Fertilizer Co.,* 100 Ohio St., 403, 126 N. E., 304.

This court is not required and does not undertake to anticipate what the evidence in the case might be upon a trial. Nevertheless, it is clear and we hold that issues of fact were presented by the pleadings in the case and that the trial court committed error in making a determination of those issues upon the motion of

the defendant and in rendering judgment. Therefore, the judgment is reversed and the cause remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed and cause remanded.*

FESS and CONN, JJ., concur.