HARDEN ET AL., APPELLANTS, *v.* BOWLING ET AL., APPELLEES.

[Cite as Harden v. Bowling. (1971), 27 Ohio App. 2d 163.]

(No. 1388—Decided January 25, 1971.)

*Mr. Roger B. Turrell,* for appellants.
*Mr. Andrew W. Cherney,* for appellees.

SHANNON, P. J: This is an appeal on questions of law from a judgment of the Court of Common Pleas of Butler County rendered after trial without the intervention of a jury.

It was stipulated that plaintiff, Chester V. Harden, an appellant herein, was a licensed real estate broker; that one Angelo Amatulli was employed by him as a salesman; that the defendants, appellees herein, enterd into a listing agreement for the sale of certain commercial property; and that a purchase contract agreement was entered into for the sale of that property.

From the evidence, it appears that Amatulli had been contacted by an attorney on behalf of a client which desired to purchase an existing bar and grill business in order to obtain a license to sell liquor. Thereafter, Amatulli, obtaining the listing contract with the defendants, notified the attorney. A meeting attended by the defendants and the buyer was had and the purchase contract was signed, all within the period of the listing contract. However, certain difficulties in arranging financing arose and the purchase agreement was not fully consummated until some eighteen months later. In that interim, defendants operat-

ed the business and, for at least part of it, were paid an operating fee by the buyer. After being refused payment for the commission set forth in the agreement, Harden filed suit therefor. The trial court concluded that Harden had failed to establish a sale within the terms of the contract and found in favor of the defendant. From that judgment this appeal is taken.

The question to be determined is whether plaintiff Harden was the procuring cause of the sale.

The Supreme Court of Ohio defined ''procuring cause'' in the case of *Bauman* v. *Worley*, 166 Ohio St. 471, where paragraph two of the syllabus states:

''The term, 'procuring cause,' as used in describing a broker's activity, refers to a cause directly originating a series of events which without break in their continuity directly result in the accomplishment of the prime objective of the employment of the broker, namely, the producing of a purchaser ready, willing and able to buy real estate on the owner's terms.''

In the case at bar, unquestionably the purchase was not completed within the time limit established by the contract for sale, but it is equally true that the sellers acquiesced in and were compensated for the period of delay in the closing.

In *Lohr* v. *Ford*, 94 Ohio App. 17, the Court of Appeals for Franklin County declared, in the syllabus:

''1. Where a real estate broker employed by a seller procures a purchaser who enters into an enforceable contract with the seller, such broker is entitled to his commission.

''2. Under such circumstances, the fact that the transaction failed of consummation for a reason unrelated to the binding quality of the contract does not affect the broker's right to his commission.

''3. In an action by such broker for recovery of his commission, whether the buyer was ready, willing and able to purchase the property is not a proper issue.''

When this court decided *Scudder* v. *Wallace*, 79 Ohio App. 48, in virtually the same vein, it cited paragraph

one of the syllabus in *Carey* v. *Conn*, 107 Ohio St. 113, as follows:

"1. Where a real estate agent or broker makes a contract with the owner of property 'to find a buyer for his real estate at a commission of two per cent for his services,' and pursuant thereto performs such services by producing the buyer, and the owner enters into a written contract of sale with such buyer, the real estate agent or broker, in the absence of fraud, is entitled to his commission for his services."

In resolving the issue posed, we note that Ralph Bowling, one of the sellers, testified upon cross-examination as follows:

"Q. * * * Now, Mr. Bowling, you have in fact sold your business the Weeping Willow Inn to Fairfield Inn, Inc., didn't you?"

"A. Yes sir."

"Q. You in fact sold this business pursuant to the agreement signed on October 7, 1965—didn't you although there was some delays?"

"A. Yes sir."

The plaintiff brought the parties together, a binding contract was signed and, ultimately, the sale was consummated, after a delay not the fault of plaintiff, in harmony with the terms of that agreement. The sellers received not only the full price but additional compensation as well. Under such facts, we believe the plaintiff was entitled to judgment.

Since the allegations essential to recovery were supported by undisputed evidence, the trial court committed prejudicial error in rendering judgment for the defendants.

Coming now to render the judgment which the trial court should have rendered, this court renders judgment for the plaintiff in the sum of three thousand five hundred dollars, plus interest from the date of the contract for sale, to wit, October 7, 1965.

*Judgment reversed.*

HILDEBRANT and HESS, JJ., concur.