In re Brent GAGNE, Debtor.

Edward F. ZOLTANSKI, Trustee,
Plaintiff,

v.

Brent GAGNE, et al., Defendants.

Bankruptcy No. 80–0314.
Related Case: 80–00894.

United States Bankruptcy Court,
N. D. Ohio, W. D.

Oct. 20, 1981.

Edward F. Zoltanski, Toledo, Ohio, for plaintiff.

Jane L. Lackey, Farrar & Lackey, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon the Trustee's Complaint for Recovery,

Accounting and Turn Over. This Order specifically addresses Count 2 of the Trustee's Complaint, Recovery of Money.

The trustee is seeking to recover commissions earned by the Debtor upon the sale of three properties. The issue involved is whether these commissions were earned before the date of the Debtor's filing his voluntary petition in bankruptcy, thus becoming property of the estate.

### FACTS

The Court finds the following facts:

1.) Debtor Brent Gagne filed a Chapter 7 Voluntary Petition in Bankruptcy under Title 11 of the United States Code on June 5, 1980, in the United States Bankruptcy Court for the Northern District of Ohio, Western Division.

2.) The Debtor, an Ohio real estate salesman, had pending three real estate transactions upon which Debtor claimed a commission.

3.) The transactions and sequence of events were as follows:

a.) On March 5, 1980, the Debtor entered into an Exclusive Right to Sell agreement with Terry and Beth Smith to find an offeror to purchase their property at 602 W. Harrison Street, Toledo, Ohio.

b.) On April 12, 1980, the Debtor produced a signed offer to purchase the Harrison St. property, and the Smiths accepted the offer to purchase. This consummation was contingent upon the purchasers' successful financing and sale of their home.

c.) The closing on the sale of the property was on July 15, 1980.

d.) April 2, 1980, the Debtor entered into the second Exclusive Right to Sell agreement with Mr. and Mrs. Buchanan to find an offeror to purchase their property at 3706 Lakepointe Drive, Toledo, Ohio.

e.) On April 11, 1980, the Debtor produced a signed offer to purchase the Lakepointe Drive property. Acceptance of this offer was made by the sellers on April 11, 1980. The consummation was contingent upon successful financing.

f.) The closing on the sale of the above described property was on June 30, 1980.

g.) On April 28, 1980, the Debtor entered into the third Exclusive Right to Sell agreement with David and Linda Dokurno to find an offeror to purchase their property at 4312 Garden Park, Toledo, Ohio.

h.) On June 1, 1980, the sellers accepted an offer to purchase previously submitted. The consummation of this contract was contingent upon the purchasers obtaining financing.

i.) On or about June 30, 1980, the purchasers were informed that they would be permitted to assume the existing loan of the sellers.

The law of Ohio is quite clear on the subject of when a broker is entitled to a commission from the sale of property. A real estate broker's commission is earned when a contract is entered into which is mutually obligatory on both parties, the vendor and the vendee . . . the fact that the transaction failed, if unrelated to the contract, is no defense to an action by a broker to recover his commission. *Lohr v. Ford*, 94 Ohio App. 17, 51 Ohio Op. 256, 114 N.E.2d 300 (1952); *Carey, Admr., v. Conn*, 107 Ohio St. 113, 140 N.E. 643 (1923); *Scudder v. Wallace*, 79 Ohio App. 48, 34 Ohio Op. 333, 71 N.E.2d 308 (1946); *Pfanz v. Humburg*, 82 Ohio St. 1, 91 N.E. 863 (1910), *Wilson v. Mason*, 158 Ill. 304, 311, 42 N.E. 134 (1895), *Hardin v. Bowling*, 27 Ohio App.2d 163, 56 Ohio Op.2d 324, 273 N.E.2d 322 (1971).

The Debtor relies on the case of *A. A. Realty Co. v. Town & Country, Inc.*, 115 Ohio App. 545, 21 Ohio Op.2d 205, 186 N.E.2d 137 (1961), where in essence a sales contract was subject to a condition precedent and without fault of the seller, the condition precedent was not fulfilled or waived. He argues that until the sale was complete and final and the condition precedent was fulfilled by successful financing

**26**

and sale of a prior residence, no commission was earned. Even if we accept the rationale and decision in that case, it is still the rule that the agent or broker "earned" his commission when the enforceable contract was entered into by the seller and buyer, even though the sellers' obligation to pay was contingent upon the actual closing of the deal. See *Harley E. Rouda & Co. v. Springtime Co.*, 49 Ohio App.2d 49, 3 Ohio Op.3d 116, 359 N.E.2d 450 (1975).

Notwithstanding the above discussion, the defendant proposes that not until the Buyer is proven to be an "able" buyer by crossing the financing hurdles and those to dispose of prior residences is he able to purchase. It is apparent from the evidence that all three deals eventually closed successfully. This Court is in accord with the reasoning set forth in *Biggs v. Bernard*, 98 Ohio App. 451, 130 N.E.2d 152 (1954), wherein that Court stated that the condition in the contract delaying consummation of the sale until the complete sale of the former residence merely delays enforcement of this enforceable contract. The Court in the *Biggs* case further quoted the position by the Ohio Supreme Court on this matter:

> "When the owner of real estate lists the same with a broker to find a purchaser for the property at a stated selling price, and agrees to pay the broker a commission for finding a purchaser, if within a reasonable time, where no time is fixed by the parties, the broker finds and presents a purchaser ready, willing, and able to take the property at the price and upon the terms stipulated before he is notified by the owner of any change in the selling price, or of any sale of the property by the owner or by another broker, and before the owner has withdrawn the authority of the broker to sell, *the presenting* to the owner of such a purchaser by the broker *will complete* his part of the contract and entitle him to recover his commission." *J.A. Wigmore Co. v. Chapman*, 113 Ohio St. 682, 150 N.E. 752 (1925) (Emphasis added)

As set forth in *Harley E. Rouda & Co. v. Springtime Co.*, 49 Ohio App.2d 49, 3 Ohio Op.3d 116, 359 N.E.2d 450 (1975), this rule may be varied by agreement. The rule in the *Rouda* case was modified such that the defendant was only obligated to pay the commission upon the actual closing of the deal and the transfer to him from the buyer sufficient cash to pay the commission in dispute. There has been no similar agreement established here.

■ It is this Court's Opinion that the aforementioned well-established rule shall remain in effect in this case. The commission was earned upon each seller and buyer entering into a written enforceable contract. In the first case the date was April 12, 1980; and in the second the date was April 11, 1980; and in the third the date was June 1, 1980.

It is therefore ORDERED that the commissions of the above-described transactions were earned by this debtor before this filing of his Voluntary petition in bankruptcy on June 5, 1980, and is therefore a part of his estate as specified in Bankruptcy Code § 541.