JOURNAL ENTRY AND OPINION
Plaintiff Cornelius Douglas, Jr. appeals from the judgment of the trial court which granted summary judgment to defendants John Snavely, Christian Corso d.b.a. as Peak Holdings in plaintiff's action for recission of a purchase agreement. For the reasons set forth below, we affirm.
On November 27, 1998, plaintiff and defendant Peak Holdings entered into a purchase agreement whereby plaintiff agreed to sell three vacant lots in Westlake, Ohio, to Peak Holdings. The agreement further provided as follows:
 In the event purchaser cannot obtain all 49 lots or the desired zoning purchaser requires to his satisfaction, then, at purchaser's option, purchaser can proceed to close or this transaction is null and void and purchaser will credit two thousand dollars $2,000 to seller.
 Monies from the earnest money will become available to seller after purchaser has, by written notice to escrow agent, proclaimed this transaction null and void.
It is undisputed that the contingencies did not occur. On December 4, 1998, plaintiff filed this pro se action against defendants for recission or revocation of the purchase agreement.
On December 9, 1998, plaintiff filed a document captioned, Documents to Be Added to Plaintiff's Complaint. On the cover sheet, plaintiff asserted:
 Enclosed documents on previous dealings with defendant John Snavely used plaintiff's documents to purchase two hotels the Beachwood Holiday Inn and the Mayfield Holiday Inn. Defendant had signed the state's agency disclosure forms and had agreed to purchase the hotels directly through plaintiff Cornelius Douglas Jr. in the event he purchased the hotels. Enclosed a statement from the Dollar Bank — John Snavely refused to acknowledge that Mr. Cornelius Douglas Jr. supply him with the total documents over 500 photo and more than 10 large building blue prints of the two hotels. * * *.
On December 16, 1998, plaintiff filed an additional document entitled, Documents to Be Added to Plaintiff's Complaint. On the cover sheet, plaintiff asserted:
 The defendant John Snavely is using illegal real estate agents to trick individuals into signing contracts so that he may save money. Mr. Christian Charles Corso of 314 East Wallings Road Broadview Heights, Ohio 44147 was warned by the state of Ohio not to engage in any real estate transactions. The fact remains Mr. John Snavely and Mr. Christian Charles Corso did act as real estate agent without being licinsed [sic] is a first degree misdemeanor.
Plaintiff attached documents which referenced other matters within which plaintiff claimed that one or more of the defendants owed him brokerage fees.
On January 12, 1999, defendants submitted an answer in which they denied liability. Thereafter, on March 2, 1999, plaintiff filed a motion to amend his complaint and a motion to add a new party defendant. These motions were never ruled upon and were therefore denied by implication. See Newman v. Al Castrucci Ford Sales, Inc. (1988), 54 Ohio App.3d 166, 169; Solon v. Solon Baptist Temple, Inc. (1982), 8 Ohio App.3d 347, 351-352.
On June 4, 1999, defendants moved for summary judgment. Within this motion, defendants demonstrated that the purchase agreement had been rescinded and plaintiff's claim for recission was therefore moot. Defendants also addressed the other matters raised in the various attachments to the Documents to Be Added to Plaintiff's Complaint. On July 7, 1999, the trial court granted defendants' motion for summary judgment. Plaintiff now appeals and assigns three errors for our review.
Plaintiff's assignments of error state:
 THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT REGARDING APPELLANT'S FULL PERFORMANCE OF A QUASI-CONTRACT RESULTING IN UNJUST ENRICHMENT FOR APPELLEE.
 THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT BECAUSE APPELLANT ASSERTS A SPECIAL AGENCY WITH APPELLEE THAT APPELLEE DENIES WHICH IS A GENUINE ISSUE OF MATERIAL FACT.
 THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT REGARDING APPELLANT'S NON-DISCLOSURE OF HIS ROLE AS A PRINCIPAL WHEN HE PURCHASED THE WARRENSVILLE PROPERTY OWNED BY APPELLANT.
Within these assignments of error, plaintiff asserts that the trial court erred in awarding defendants summary judgment on each of the claims for relief.
As an initial matter, we note that Civ.R. 15(A) operates to exclude some of plaintiff's claims herein.
Civ.R. 15(A) provides in pertinent part:
 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *.
Thus, pursuant to this rule, plaintiff was permitted to amend his complaint without leave of court before defendants submitted their answer and plaintiff could therefore raise additional claims prior to that time. After defendants filed their answer, however, plaintiff was required to obtain leave of court before asserting additional claims. In this instance, the trial court did not rule on the motions for leave to amend the complaint and therefore, by implication, the court refused to grant leave to amend. See Newman v. Al Castrucci Ford Sales, Inc., supra; Solon v. Solon Baptist Temple, Inc., supra. Accordingly, the only claims which were properly pending in this matter are the claim for recission regarding the sale of the Westlake property, the claim for a real estate commission in connection with the Beachwood Holiday Inn and the Mayfield Holiday Inn, and the claim that defendant Snavely is using illegal real estate agents to trick individuals into signing contracts.
With regard to whether the trial court properly awarded defendants summary judgment on these claims, we note that in order for summary judgment to be properly rendered, it must be determined that:
 (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. See, also, State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,448. The burden of establishing that there are no genuine issues of material fact to be litigated is upon the party moving for summary judgment. Turner v. Turner (1993), 67 Ohio St.3d 337,340, but "[a] motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus.
With regard to the claim for recission, the purchase agreement undisputedly vests with the purchaser, Peak Holdings, the right to declare the agreement void; plaintiff as seller has no such contractual right. Plaintiff was therefore not entitled to seek recission as a matter of law. In any event, defendants' documentary evidence demonstrated that the matter had been rescinded, thereby rendering this claim moot. Accordingly, we are unable to find that the trial court committed any reversible error in connection with this claim.
As to plaintiff's additional claim for a commission in connection with the sales of the Beachwood Holiday Inn and the Mayfield Holiday Inn, plaintiff alleged, essentially, that he was the procuring cause of the sale.
In Bauman v. Worley (1957), 166 Ohio St. 471, paragraph two of the syllabus, the Supreme Court held:
 `The term, `procuring cause,' as used in describing a broker's activity, refers to a cause directly originating a series of events which without break in their continuity directly result in the accomplishment of the prime objective of the employment of the broker, namely, the producing of a purchaser ready, willing and able to buy real estate on the owner's terms.'
Accord Harden v. Bowling (1971), 27 Ohio App.2d 163, 165.
In this instance, defendants averred that plaintiff, acting as an agent for the seller, approached them with information regarding the hotels but Snavely took no action regarding the hotels at that time. Approximately two years later, Dollar Bank acquired the hotels through foreclosure proceedings and Snavely later purchased the hotels through Dollar Bank, without assistance from plaintiff. In opposition, plaintiff asserted that Snavely told him many times that he would sign an agency agreement, that he trusted Snavely but Snavely lied to him. Plaintiff did not refute this chain of events and ultimately admitted that there was no commission agreement.
In accordance with all of the foregoing, the trial court could correctly determine that plaintiff's activity did not constitute an uninterruptedseries of events which directly resulted in the sale of the hotels. To the contrary, the undisputed evidence demonstrated that several years after plaintiff's involvement in the matter ended, Dollar Bank acquired the hotels in foreclosure proceedings and defendants subsequently acquired them from Dollar Bank. We are therefore unable to conclude that the trial court erred in awarding defendants summary judgment on this claim.
With regard to plaintiff's additional claim that defendant is using illegal real estate agents to trick individuals into signing contracts we note that pursuant to Civ.R. 9(B), the circumstances constituting fraud or mistake be pleaded with particularity. F. J. Roofing Co. v. McGinley Sons, Inc. (1987), 35 Ohio App.3d 16,17; Korodi v. Minot (1987), 40 Ohio App.3d 1, 3-4.
Herein, plaintiff did not plead the elements of fraud with particularity and this claim was therefore defective. Universal Coach, Inc. New York City Transit Auth., Inc. (1993), 90 Ohio App.3d 284,292. Moreover, plaintiff did not submit evidentiary material to demonstrate that defendant intentionally made a false representation upon which he relied to his detriment. We therefore conclude that the trial court did not err in awarding defendants summary judgment on this claim for relief.
In accordance with the foregoing, the judgment of the trial court which awarded summary judgment is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
ROCCO, J., AND PORTER, J., CONCUR.
ANN DYKE, ADMINISTRATIVE JUDGE