**HERSH, d. b. a. M. E. HERSH COMPANY, Plaintiff-Appellee, v. KELMAN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22182.   Decided June 18, 1951.

Jos. L. Newman, Cleveland, for plaintiff-appellee.
Siegel & Siegel, Cleveland, for defendant-appellant.

## OPINION

Per CURIAM.

This cause comes to this Court on questions of law from a judgment of the Common Pleas Court of Cuyahoga County, for a real estate commission, in favor of plaintiff, in the sum of $590.00 with interest and costs. The case was tried to the Court, a jury having been waived.

For brevity and convenience the parties will be referred to herein as plaintiff and defendant as they appeared in the trial court.

The essential facts are not in dispute. The plaintiff. a real estate broker, obtained a signed offer of purchase from prospective buyers known as Leonard G. Cyr and Ruth E. Cyr, husband and wife, dated July 14, 1948, on an "open" listing and not under an "exclusive" option. Thereafter the plaintiff submitted the purchase agreement to the defendant owner who refused to sign same unless and until his liability to pay the commission provided for in the agreement would be subject to a provision that the sale should be fully consummated. This is shown by the following stipulation at page 4 of the record:

"It is further stipulated and agreed by and between counsel that the paragraph reading, that is, the sentence reading 'Commission to be paid when deal is finally consummated,' which is in writing rather than printing, was inserted by M. E. Hersh after the signatures of Leonard G. Cyr and Ruth E. Cyr had been affixed to plaintiff's Exhibit 1, and prior to the signature of Max M. Kelman being affixed to the document; that the condition of the signature of Max M. Kelman being affixed to this contract was the insertion of that writing."

The record shows that the purchasers did not consummate the deal as appears by the following stipulation at page 6 of the record:

"Mr. Siegel: I want it stipulated further that the defendant was at all times ready, willing and able to consummate this deal, and that not until after he had been definitely apprised by the prospective buyer that the buyer did not intend to consummate the deal, that at a later date this very same property was sold to Joseph Bogol for the same consideration, through a broker by the name of C. A. Barnow Company, to whom a full commission was paid; and in that transaction the deed was filed of record on October 29, 1948, and recorded in Vol. 6646, page 268; the escrow transaction being handled by the National City Bank, Lorain Street Office.

"Mr. Newman: We are satisfied with the stipulation."

A single question is presented as to the intention of the parties at the time the contract was signed by the defendant.

Certainly the words "commission to be paid when deal is finally consummated" could not relate merely to the act of the defendant in attaching his signature to the contract because the evidence shows that the insertion of these words in handwriting by the plaintiff himself, was upon the re-

quest of the defendant, as a condition precedent to the signing of the contract. It follows that the conditional clause could relate only to the happening of some future event. It appears from the evidence that the future event in this case was the consummation of the deal by the actual sale of the property. In cases such as the instant case, a determination of the issue must be governed by the intention of the parties as disclosed by the language employed by them. In case of ambiguity resort may be had to a consideration of the particular facts and circumstances surrounding the making of the contract. It is a fundamental proposition of law that the parties may by contract provide for contingencies and may make the payment of commission dependent upon any valid condition.

It appears from the record that at the time the contract of sale was entered into the building on the property was in the course of construction and that some time after the signing of the contract the prospective purchasers moved to Detroit and abandoned the deal. The record shows that thereafter the purchasers called the owner by telephone from Detroit and asked for the return of their deposit of $200.00 which had been made by them at the time they made the offer of purchaser.

It is a general rule that if a broker has fulfilled the terms of a contract by securing a purchaser who is ready, able and willing to buy, he can recover a commission even though the seller subsequently refuses to complete the transaction. **6 O. Jur. Sec. 49, p. 222.** However, this general rule may be varied by agreement of the parties. They may make payment of commission dependent upon an agreement that no commission shall be paid unless the purchase price has been paid and the title transferred.

"A special agreement that no commission shall be paid unless sale is completed, title transferred and payment of the purchase price has been held valid." **6 O. Jur. Sec. 50, page 223.**

It is our conclusion therefore that the failure of the prospective purchasers to consummate the deal without any fault upon the part of the seller, relieved the seller completely under the special terms of the contract from liability for the payment of any commission.

For the reasons stated the judgment of the Common Pleas Court is reversed as being contrary to law and final judgment is entered for the defendant. Exceptions. Order see journal.

SKEEL, PJ, HURD, J, THOMPSON, J, concur.