OPINION
The plaintiffs-appellants, Renate Smith, et al., appeal the decision of the Union County Court of Common Pleas granting summary judgment in favor of the defendants-appellees, John W. Barry, et al. For the following reasons, we reverse the judgment of the trial court.
The cause herein is for the payment due of a real estate commission. The pertinent facts and procedural history of the case are as follows. John W. Barry, Raymond C. Barry, and Shirley Louise Higgenbotham ("the appellees") are siblings and the sole beneficiaries of a trust established by their mother, Frances E. Barry.[1] In March of 1996, Frances Barry conveyed a portion of real estate to the trust. Frances died later that month. Pursuant to a certificate of trust, John Barry was appointed trustee of the trust. John Barry also was appointed executor of her estate ("Barry Estate").
In September of 1996, Raymond Barry sought the services of Renate Smith, a real estate broker, to perform an appraisal of two homes that were located on the property.[2] Shortly thereafter, Raymond Barry sought Smith's services to sell the property.[3] On November 23, 1996, Smith prepared a listing agreement for the property.[4] Shortly thereafter, Smith received an offer to purchase the property for $640,000. Raymond tendered a counteroffer in the amount of $680,000.[5] On November 24, 1996, Robert and Robin Siekmann, the prospective purchasers, accepted the counteroffer. On that date, the Siekmanns signed the real estate purchase contract. The listing agreement and real estate purchase contract provided for a five percent (5%) sales commission payable to the appellants.[6]
On the afternoon of November 25, 1996, John Barry informed Smith that he had decided to rescind and to repudiate the real estate purchase contract. A facsimile was then sent to Smith informing her of the intention of the appellants to withdraw the counteroffer.
On November 27, 1996, the Siekmanns filed an affidavit with the Union County Recorder's Office asserting their rights as valid purchasers of the property. The Siekmanns then filed a lawsuit in the Union County Court of Common Pleas. Eventually, the case was settled. In doing so, the Siekmanns received a portion of the property in dispute.
On September 8, 1998, the appellants filed a complaint in the Union County Court of Common Pleas asserting their right to a sales commission. In their complaint, the appellants maintain that they had procured an able, ready, and willing buyer of the property, and are therefore entitled to the five percent (5%) sales commission.[7] On April 13, 1999, the appellees filed a motion for summary judgment.[8] The appellants' response to the summary judgment motion was due on April 27, 1999.[9]
By judgment entry of May 7, 1999, the trial court granted summary judgment in favor of John Barry and Shirley Higgenbotham, individually, and John Barry as trustee of the Barry Trust and as executor of the Barry Estate. On July 1, 1999, the trial court granted summary judgment in favor of Raymond Barry.[10]
The appellants now appeal, raising the following three assignments of error.[11]
 ASSIGNMENT OF ERROR NO. I The trial court abused its discretion when it granted the Barry Group [sic] motion for summary judgment without allowing appellants and their counsel a reasonable opportunity to oppose that motion.
 ASSIGNMENT OF ERROR NO. II The trial court erred in the grant of the appellees' motions for summary judgment on appellants' contract claims because genuine issues of material fact exist regarding the validity of the appellants' contract claims against appellees.
 ASSIGNMENT OF ERROR NO. III The trial court erred in the grant of the appellees' motion for summary judgment because genuine issues of material fact exist as to a claim for unjust enrichment.
 For purposes of clarity and brevity, we will address the appellants' second assignment of error first.
 Standard of Review for Summary Judgment In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as did the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87. To make this showing, the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C).
Having set forth the proper standard of review, we now turn to the merits of the appellants' second assignment of error.
In their second assignment of error, the appellants contend that the trial court erred in granting summary judgment in favor of the appellees. Specifically, the appellants maintain that the trial court erred in finding that no genuine issue of material fact remains to be litigated with respect to the issue of whether the parties had entered into a valid and enforceable real estate purchase contract. For the following reasons, we agree.
Initially, we note that a broker is generally entitled to a commission where a valid contract for sale is entered into by the parties, even though the transaction is never consummated. See, e.g., Wertz Realty, Inc. v. Parden (1992), 79 Ohio App.3d 461,464; Lohr v. Ford (1952), 94 Ohio App. 17. Of course, the foregoing may be varied by agreement of the parties. For instance, the parties may make payment of the commission dependent upon an agreement that no commission shall be paid unless the purchase price has been paid and the title transferred. See, e.g., Hersh v. Kelman (1956), 61 Ohio Law Abs. 363.
In the case before us, in expounding upon its reasoning for granting summary judgment, the trial court emphasized that John Barry should not have signed the listing agreement and real estate purchase contract without some indication of his capacity to act as sole trustee of the Barry Trust, which held title to the land the appellants wished to purchase. The trial court held that the failure to do so rendered the real estate purchase contract unenforceable as a matter of law, thereby absolving the appellees of all liability for the payment of a sales commission.[12]
For the following reasons, we disagree.
In the case herein, the record affirmatively establishes that John Barry, the sole trustee and a beneficiary under the trust, signed the real estate purchase contract dated November 19, 1996. In doing so, we find that a genuine issue of material fact remains to be litigated upon the issue of whether he entered into a binding, enforceable contract. Furthermore, by signing the purchase sales contract, we find that a genuine issue of material fact remains to be litigated as to whether he may be personally liable to the appellants for the payment of a sales commission, as if he were the absolute owner of the property, or whether he may be liable as a trustee.
Next, we must focus on the trial court's finding that in order for the appellants to be entitled to a sales commission, there must be a written, enforceable contract to sell the property in question. In Legros v. Tarr (1989), 44 Ohio St.3d 1, 6, the Supreme Court of Ohio held that a broker is entitled to a commission if he (1) produces a buyer or seller who is ready, willing, and able to buy or sell on the principal's terms, and (2) the transaction, or the readiness to perform on the principal's terms, directly results from the broker's efforts, without a break in continuity. We can find no requirement that the parties must enter into a valid, enforceable formal contract in order for a broker to collect a sales commission. The broker need only procure a buyer who is ready, willing, and able to buy on the principal's terms which directly results from the broker's efforts. Therefore, notwithstanding the validity of the real estate purchase contract, we find that a genuine issue of material fact remains to be litigated upon this issue. We also find that a genuine issue of material facts remains to be litigated with respect to whether the parties varied by agreement the terms under which the appellants are entitled to a sales commission.[13]
For all of the foregoing reasons, we find that the trial court erred in granting summary judgment in favor of the appellees.
Accordingly, the appellants' second assignment of error is well-taken and is sustained. Given our disposition of the appellants' second assignment of error, we need not address the appellants' remaining assigned errors.
Having found error prejudicial to the appellants herein, in the particulars assigned and argued, we reverse the decision of the trial court and remand the cause for further proceedings consistent with this opinion.
Judgment reversed.
 WALTERS and SHAW, JJ., concur.
[1] John Barry is named as a defendant individually, as trustee of the Barry Trust, and as executer of the Barry Estate.
[2] Smith owns and operates the Dublin Reality, also a plaintiff-appellant in the above entitled action.
[3] The residential homes were not included in any impending sale.
[4] The property is located in Union County, Ohio, and consists of approximately seventy-eight (78) acres of land.
[5] The increase in purchase price was noted on an amended sales contract. The sales contact also indicated that Raymond Barry would procure the signatures of the remaining heirs, which he later did.
[6] The real estate purchase contract provides in pertinent part that "[s]eller [is] to pay Dublin Realty a commission of 5%, prorated should there be closings on 2 tracts."
[7] The complaint names both Raymond Barry and Shirley Higgenbotham, individually, as defendants, and John Barry, individually, and as trustee of the Barry Trust and executor of the Barry Estate.
[8] The motion for summary judgment was filed on behalf of Sharon Higgenbotham, individually, and John Barry, individually, and as trustee of the Barry Trust and executor of the Barry Estate.
[9] On April 26, 1999, the appellants' counsel, Tobias H. Elsass, requested permission to withdraw as counsel. Elsass informed the trial of a pending disciplinary investigation against him, and that he expected to temporarily lose his license to practice law. On that date, Elsass also filed a motion for an extension of time in which to respond to the appellees' motion for summary judgment. The trial court granted Elsass' permission to withdraw from the case, but denied his request for an extension of time to reply to the motion for summary judgment.
[10] Raymond Barry was represented by separate legal counsel and subsequently filed a separate motion for summary judgment.
[11] In their brief, the appellants initially list seven assigned errors for our review, but thereafter consolidate these errors into three general assignments of error.
[12] To this court's confusion, the trial court then held that "the property was sold by and title transferred by the Trustee, the individual defendants made no sale, did not breach a contract where a sale by them would have generated a commission."
[13] See f.n. 6.